NOT DESIGNATED FOR PUBLICATION

No. 114,118

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY R. LOHF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 25, 2015.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  Timothy R. Lohf appeals the district court's denial of his motion to correct an illegal sentence. We granted Lohf's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On July 5, 2011, a jury found Lohf guilty of one count of aggravated battery, a severity level 4 person felony; one count of possession of cocaine with intent to sell, a severity level 3 drug felony; and one count of felony obstruction, a severity level 8 nonperson felony. On August 22, 2011, the district court imposed a controlling sentence of 162 months' imprisonment with 36 months' postrelease supervision.

1

On January 15, 2015, Lohf filed a pro se motion to correct illegal sentence. In the motion, Lohf argued: (1) his criminal history was incorrectly calculated because it included three convictions from a single complaint and (2) his possession of cocaine with intent to sell conviction should have been a severity level 4, not a severity level 3, drug felony. The district court summarily denied the motion. Lohf timely appealed.

On appeal, Lohf reasserts his argument that his criminal history score was incorrectly calculated because it included three convictions from a single complaint. But as Lohf acknowledges, pursuant to K.S.A. 2014 Supp. 21-6810(a), all prior convictions, even if contained within the same complaint, are counted in determining a defendant's criminal history. There is no merit to Lohf's claim that his criminal history score was incorrectly calculated because it included three convictions from a single complaint.

Lohf also reasserts his argument that his possession of cocaine with intent to sell conviction should have been a severity level 4, not a severity level 3, drug felony because the evidence did not show he possessed more than 3.5 grams of cocaine. Lohf contends his sentence is illegal because the law *now* requires the amount in possession to be more than 3.5 grams for a severity level 3 conviction. See K.S.A. 2012 Supp. 21-5705(d)(1). But as Lohf acknowledges, the fundamental rule of sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed. See *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 (2005). When Lohf committed his offense of possession of cocaine with intent to sell on September 20, 2010, the crime was a severity level 3 drug felony regardless of the amount of cocaine in Lohf's possession. Thus, the district court did not err in denying Lohf's motion to correct illegal sentence.

Affirmed.